**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**No. 98-60174**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROGER O. DYESS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(2:97-CV-163-PG)**
_____

**March 22, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Roger O. Dyess, federal prisoner # 03969-043, appeals the denial of his FED. R. CRIM. P. 33 motion for a new trial. He also seeks a certificate of appealability (COA) from the denial of his 28 U.S.C. § 2255 motion.

In his motion for a new trial, Dyess asserted that his trial attorney was ineffective for failing to call certain witnesses and for failing to expose allegedly perjured testimony by some of the Government's witnesses. He also asserted that Freddie Longino, the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's key witness, recanted his trial testimony, thereby constituting newly discovered evidence justifying a new trial.

Pursuant to our review of the record and Dyess' brief, we **AFFIRM** the denial of his motion for new trial for the reasons adopted by the district court. *United States v. Dyess*, No. 2:97-CV-163-PG (S.D. Miss. March 10, 1998) (unpublished).

As for Dyess' remaining claims, brought under § 2255, the district court *sua sponte* dismissed the claims as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Dyess' § 2255 motion was filed after the effective date of the Antiterrorism and Effective Death Penalty Act; therefore, he is required to obtain a COA to proceed on appeal from the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1); *Lindh v. Murphy*, 521 U.S. 320 (1997). To obtain a COA, Dyess must show that the district court erred by denying his motion on nonconstitutional grounds and must make a substantial showing of the denial of a constitutional right. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998); *Whitehead v. Johnson*, 157 F.3d 384, 386 (5th Cir. 1998).

Dyess' § 2255 motion was filed on 24 April 1997. Therefore, contrary to the district court's ruling, it was not time-barred. *See Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Accordingly, COA is **GRANTED**; the judgment dismissing the § 2255 motion is **VACATED**; and the case is **REMANDED** for further proceedings on the § 2255 motion.

*COA GRANTED; AFFIRMED in part, VACATED in part, and REMANDED*